Mr. Chief Justice Marshall .
 

 delivered-, the opinion of theCogrt.—
 

 .• .The plaintiffs filed their libel in this-cause in the District Court of-..South Carolina, to obtain .restitution of 356 bales of cotton; -part'of thé cargo- of the ship Point a Petre; which had been insured, by them on a voyage from-Néw-Orleans tó Havre de Grace, -in France. The Point a, Petre was wrecked on "the coast-pf. Florida, the cargo-saved .by. the inhabitants; and.carried-into Key West, where it was sold for the purpose of satisfying'the .salvors;, by virtue of a decree of a Court, consisting of a notary and five jurorsj .which was erected by-ah Act of the territorial; legislature of Florida; The owners abandoned to the underwriters,- who .' having accepted, the. .same, proceéde^l against the property; alleging thait the sale was not made' by order of a Court competent, to change the property. ;
 

 David Canter claimfed the'cotton as. a
 
 bonk-fide
 
 purchaser, under the decree of a competenf COurt, which awarded seventy-six per-cent-'to the-salvors, on the'value of the property saved.
 

 J The .District Judge pronounced the decree-pf. the .territorial Court a-hulhty, and awarded restitution. to-the liDellants-of such pari of the cargo as-.He supposed to be identified by the evidence; deducting therefromb salvage of. fifty per cent;
 

 ' The libellants ■ and' .claimant both- appealed. . The. Circuit .Court reversed-the decree pf the District Court,- and decreed-the whole .cotton, to the’claimant, with cost?.; on the ground that the proceedings of the Court .at Key West were -legal, and transferred the. property-to. the purchaser. .
 

 ■ From this decree the libellants have appealed to this Court.
 

 The c^.ase'depends, mainly, on thé ¡question whether the property in the cargo saved, was changed'by the sale. .at Key West. .Thé conformity-of that sale-tó-the orderundér whifeh it was made,-has not been-controverted. Its validity, has been denied, on th.e ground that it was ordered by an incompetent tribunal. . '
 

 The tribunal was constituted by an Act- of the territorial le-. gislatúre of Florida,-passed on the-4th July 1823,. which is inserted, in the record. That; Act purports-.to give the power which, has,- beep exercised-; consequently;the-salé is.valid, if the territorial legislature was,competent t6 enact-the law.
 

 The,course which-the argument has.taken"; -will require, that,
 
 *542
 
 in deciding this question, the Court should take into view the relation in which Florida stands to the United States.
 

 The Constitution confers absolutely on the government of the Union, the powers of making war, and of making, treaties; consequently, that government possesses the power of acquire ing-territory,- either by conquest or by treaty.
 

 The usage of the world is, if a nation be not entirely subdued, .to consider the holding of conquered territory as a mere military occupation, until its fate shall be determined at the treaty, of peace.- -If it- be ceded by the treaty, the acquisition is'confirmed, and’the-ceded territory becomes’a part of the nation to which, it is annexed;- either ,on the terms stipulated in the treaty of cession, or on suchi as its new master shall impose. On such transfer of territory, it has never been held, that the relations of'the-inhabitants with each other undergo any change.. Their -relations with their former sovereign arc dissolved, and new relation^ are created between them, and the government • which has acquired their territory.’ Thé sam'e Act which transfers their' country, transfers the allegiance of those who remain in it; and thp law, which may-be denominated political, is necessarily changed,- although' that whichiegulátes the intercourse, and general conduct of. individuals,-remains in force, until altered by'the newly created .power of the state.
 

 ’ On the 2d of February 1819, Spain'ceded Florida to the United States. The 6th article qf the treaty of cession, contains the following provision — “ The inhabitants of the territories, which his Catholic majesty cedes to the United States by this treaty, shall be incorporated in the -Union of the Upited States, as soon., as may be consistent with the principles of the federal Constitution; and admitted to the enjoyment of the privileges, rights, and immunities of the citizens of the United States.”-
 

 This -treaty is the law of .the land, and admits the inhabitants of Florida to the enjoyment of the privilege's, rights, and immunities-, of -the citizens of the'United States. It is-unnecessary to -inquire; whether'this is-not their-condition, independent of stipulation.; They do not, however, participate in political power; they do not-share in the government, till Florida shall-become, á state- In the mean time, Florida continues to be a territory of the United States; governed by virtue of that clause in the Constitution, which empowers Congress “to make all’neédfuí rules and regulations, respecting the-territory, or other property belonging to the. United States.”
 

 Perhaps the; power of governing a territory belonging- to the’United'States,-which has not, by becoming a state, acquired the mean’s of self-government, may result necessarily from the facts, that it is not withili the jurisdiction of any particular, state, "arid is within the power and jurisdiction of the United
 
 *543
 
 States. The right to govern, may be the inevitable consequence of the right to acquire territory. Whichever may be the source, whence the power is derived, the. possession of it is .'Unquestioned. In execution of it, Congress, in 1822, passed “ an Act for the establishment of a territorial government in Florida;” and, on the 3d of March 1823, passed another Act to amend ' the Act of 1822. Under this Act', the territorial legislature enacted the law now under consideration.
 

 . The 5th section of the'Act of 1823,-creatés a territorial legislature, which shall Rave legislative powers over all- rightful objects of legislation';, but no law.shall .be valid, which is inconsistent with the laws and Constitution of the United . States. ■ _
 

 _ The 7th section . enacts “ That the judicial power shall be vested,in two Superior Courts, and in such inferior Courts, and justices of. the peace, as the legislative council of the territory may from time to time establish.'*’ After prescribing the place of cession, and the jurisdictional limits, of each Court, the Act proceeds to say;'“within its limits herein. described, each Court shall Rave jurisdiction in all criminal cases,- and exclusive jurisdiction in all capital offences; and original jurisdiction in all-civil cases of the valúe of one hundred . dollars, arising under and cognizable by the. laws of the territory, "now in force therein, or-which may, at' any time, be enacted by the legislative council thereof. ”
 

 The 8 th section enacts “That each' of-the.said! Superior Courts shall moreover Rave and exercise the same jurisdiction .within its limits, in all cases arising und,er the laws and Constitution of the United States,;which', by án Act to-establish the. judicial Courts of the United-States, approved, the'24th of September 1789, and an. Act iii addition to the Act, entitled- án . Act to. establish the judicial Courts of-the United'States; ..approved the 2d of March 1793, was. vested in the Court of ¿en-tucky. district.”
 

 The powers of the territorial legislature extend,to all rightful objects-of. legislation, subject-to the restriction, that their laws shall -not be “ inconsistent with the laws and Constitution of the United-States.”/.As salvage is: admitted to. come, within this description,."the Act is valid, Unless -it can .bp-brought within the restriction.
 

 The counsel for the libellants contend, that it is inconsistent • with, both the faW and -the.Constitution; that it is inconsistent • with the provisions,of the law,.by-Which the territorial govern - ment' was created, arid with the amendatory Act-of March 1823. It vests,' they sayyin-.an inferior-tribunal, "a jurisdiction, Which is, by-those Acts, vested exclusively-,'in the. -Superiqn-Courts "of - the territory..
 

 
 *544
 
 ■This argument requires an attentive consideration of the sections which define the "jurisdiction of the Superior Courts.
 

 The 7th section of the Act of 1823, vests the whole judicial '.power of the territory “in two Superior Courts, and in such inferior Courts, and justices of the peace, as the legislative council of the territory may from time to time establish.” This' .general grant is common to the superior and inferior Courts, and their jurisdiction is concurrent, except so far as it may be made exclusive in either, by other provisions of the statute. The jurisdiction of the Superior Courts, is declared to be exclusive over capital offences.; on every other question over which those'Courts may take cognizance by virtue of this section, concurrent jurisdiction may be given to the inferior Courts. Among these subjects, are • “ all civil cases arising under and ■ cognizable' by the laws of the territory, now in force therein, or which may at 'any time be enacted by the legislative council thereof.”
 

 It has been already stated, that all. the laws which were in, force in Florida' while a province off Spain, those excepted which were political in their character, which concerned the relations between the people and their sovereign, remained in force," until altered by the goyérnment of the United States. Congress recognises this principle, .by using the words “‘laws of the, territory now in force. therein. ” No laws could then have been in force, but those enacted by the Spanish govern- ■ ment. If among these, a, law”, existed on the subject of salvage, and it is. scarcely possible there should not have been shch a law, jurisdiction .over cases arising Under it, was conferred on the Superior Courts, .but that jurisdiction was not exclusive. A territorial Act, conferring jurisdiction over the same cases , on an..inferior Court, would, not have been inconsistent with this- section.
 

 The 8th "section extends the. jurisdiction" of the ’ Superior Courts, in terms which admit of more doubt. The words are “ That each-of "the said Superior Courts, shall moreover.have, and • exercise the. sanie jurisdiction, within its limits,'in all cases arising under the laws and Constitution ,of the United ■ States, which, by an Act to establish the judicial Courts of the United States, was vested in the Court of', the Kentucky .district.”
 

 , The 11th section of the Act declares. “ That tlie laws of the United States, relating to the revenue and its collection, and. all other public Acts of -the United States,, not inconsistent or. repugnant to this Act, shall extend to, and have full force and effect,'in the territory aforesaid.” ■
 

 The laws which.are extended to".the territory by this section, were either1 for the punishment of crime, or for civil
 
 *545
 
 purposes. Jurisdiction is given in ail criminal cases, by the 7th section, but in civil, cases, that section gives jurisdiction only in those which arise under and are cognizable' by the laws of the territory,v consequently, all civil cases .arising under the laws which are extended to the - territory by the 11th section,.are cognizable in the territorial Courts, by virtue of the 8th section; and, in those cases, the Superior Courts may exercise the same jurisdiction, as is exercised by the Court for the Kentucky district.
 

 The question.suggested by thife view of the subject, on which the case under consideration- must depend, is this:—
 

 Is the admiralty jurisdiction of the District Courts of the Unjted .States vested in the Superior Coúrts of Florida under' the words of the 8th section, declaring that eacji of the said ' Courts “ shall moreover have and exercise the' same jurisdiction within its limits, in all cases arising under the laws, and Constitution of the United- States,” which, was vested in the Courts of. the Kentucky, district?
 

 . It is observable, that this clause.does not confer on the ter-, ritorial Courts all the jurisdiction which is vested, in the Court' of the Kentucky district, but that part of it only which applies to. “cases arising under the laws and Constitution of the United States.” Is á case of admiralty of this description?
 

 The Constitution and laws of the United States, give jurisdiction to-the District Courts over all-cases in admiralty; but jurisdiction over the case, does not constitute the case itself. We are therefore to inquire, whether cases' in admiralty, and cases arising under the laws and Constitution of-the United States, are identical.
 

 If we have recourse to that pure fountain from which all the jurisdiction of- the Federal Courts is derived, we find language employed which' cannot well be misunderstood. The Constitution declares, that “the . judicial'power shall extend to all cases in law and equity, arising under this Constitution, the laws of the United States, and. treaties made, or which shall be made, under their authority; to' all cases affecting, ambassadors, or other public ministers, and-consuls; to all-cases:of . admiralty and maritime jurisdiction. ”
 

 The Constitution certainly contemplated these as three distinct classes of cases; and if they are distinct, the grant of jurisdiction over one of-them,'does not confer jurisdiction over either of the other two. The discrimination made between them, in-the Constitution, is,' we think, conclusive against their identity. If it were not-so,- if this were a point open to inqui- . ry, it would be. difficult to maintain the proposition that they are the-same. A case in admiralty does not,.in fact, arise under the Constitution or laws of the United States. These cases '
 
 *546
 
 .are as-old as navigation itself; and the Jaw,: admiralty-and ma<-ritime, as it has existed for ages, is applied by our Courts to-the-cases as tljeyarise. It is not.then to the-8th section of -the territorial-law, that we are to look' foy-the grant of admiralty and maritime jurisdiction, to the ..territorial Courts.; Consequently, if that jurisdiction is exclusive, it is: not madefso by the reference to tjié District C'purt of Kentucky.
 

 ■ It has been,contended; that by'the Constitution' the judicial power of; the United States extends to all cases of admiralty and-'maritime jurisdictionand that thé whole óf this'.'júdÍGÍáI; power, must be -vested" ‘fin. one Supreme Court-, arid in such’ inferior- Courts, as Congress'shall from.-time-to time'ordain .and', establish.” íLencé. it has been argued, that Congress cannot-•vest admiralty!jurisdiction.in Courts created by. the territorial legislature..
 

 • We have only to pursue.this subject' one step .further, to per-, ceive that this.' provision of the Constitution does not apply, to it. ' The- next senience declares^ that “ the . Judges both of. the Supreme and inferior-Courts, shall hold their- offices during goad-behaviour.” The Judge's, of the-Superior Coúrts of Flof rida hold their offices for four,years. íhese Courts,.then, are not constitutional.Courts, in which, the judicial power conferred ; by the Constitution on- the génerar'goyernment, can be deposited. -They, aré incapable. Of-receiving- it: Th'ey are legislative . Courts, created in virtue-of the general right of sovereignty which .exists , in :the .government,.or ,;in -virtue, of that clause Which'-enables-Congress to-make,'all needfuL'ruleS and.regulations, respecting the territory, belonging- to, the United -States.The jurisdiction with which, they are invested, is riot a part of'that judicial power which is.-defined'in the-3d article of the Constitution, but is conferred; b.y Congress, in the execution ■ of those general, powers-which- that body possesses over'.the territories'of thjé, United States.- Although- admiralty, jurisdic- ' tion can .be exercised in thé.státesin those .Courts,-only, which are established in pursuance of the 3d-afticfe of the Constitution;, the same' limitation do.es not extend to'.ih.e -territories. 'In lfe--gislating for .them,,-GongreSs exercises-the. combined -powers of -he general, and of a state governments
 

 -We think,. then, that the Act, of. the territorial legislature; • erecting'the'Court by whose' decide -the -cargo.of the Point -a-' •'•Petre was sold, is not inconsistent- with"tl)e laws arld Coristi-'tution of-the United States,’* and is'valid. •' Consequently,; thb sale made in pursuance of it changed.¿the'property, and'the'de-erCe'of. the Circuit Court, awarding restitutioii-of . the property to the claimant,' ought, tó be affirmed with posts. .