Mr. Justice NELSON
delivered the opinion of the court:
1. The fatal defect in both the answer and the prooís is, that, admitting every allegation against the legality of the bank charter, and of the worthlessness of the paper issued by the bank, Orchard, the maker of the note and of the mortgage, has not been the sufferer. The bills constituting a por *76 tion of the consideration of the note, he used in payment of his debts, while they were current in the community, and he has not taken them back, either, voluntarily, assuming that he might have done so, and set up the fact as a defence to the note; nor has he been subjected to the repayment of the debts he discharged by the use of them; and even were he permitted to succeed in reducing the present demand by rebating the bank bills received by him, it does not appear that he is under any obligation to account for that amount to the creditor or creditors to whom he paid them. The defendant, therefore, is not in a condition to contest the several questions raised and discussed on the argument in respect to the power of the legislature to charter the bank, or the conduct of the parties concerned in its organization, or in keeping up its credit for the purpose of imposing upon and defrauding the community by means of the circulation of its paper. The decree, therefore, of the court below was right, and should be affirmed.
2. The appeal from the decree of the court below directing a sale of the mortgaged premises, did not operate to stay the proceedings, as the bond given was simply a bond for costs. The complainants below, therefore, proceeded to execute the decree by a sale of the land, under the direction of a master, and on the coming in of his report of the sale, certain exceptions were taken to the report and overruled, and a decree of confirmation entered. An appeal was taken by the defendants below from that decree, and has been argued in connection with the appeal from the previous and principal one. This second appeal seems to be a necessity from a very early decision of this court in the case of a foreclosure of a mortgage, that the decree in favor of the complainant, adjudging a sale of the mortgaged premises, was a final decreí within the meaning of the Judiciary Act authorizing an appeal. We have accordingly looked into the second record in connection with the first, and are satisfied that there is no well-grounded objection to the report of the master, and that the court below was right in confirming it.
But there is a clause in this decree that is in conflict with *77 a recent decision of this court. According to the report of the master, the sale of the mortgaged premises did not cover the debt, but left a balance of $519.23. The decree of confirmation orders execution to issue for this amount with interest.
It was held by this court in Noonan v. Lee,* †‡in an appeal from a decree in a foreclosure of a mortgage in chancery by the District Court of Wisconsin, with Circuit Court powers, in which execution was directed for the balance of the debt, that this part of the decree was erroneous, inasmuch as the equity courts of the United States, under the Constitution, are governed by the practice of the Court of Chancery in England, modified by acts of Congress and the rules of the Supreme Court: and as no execution could issue according to the practice in the English Chancery for this balance, and no rule had been adopted in this court authorizing it, this part of the decree was reversed.
The decree in the present case was rendered in a territorial court, and it has been contended that this court is not a court under the Constitution, nor organized under the Judiciary Act of 1789, but by the legislature of the Territory under the organic law, and whose jurisdiction is regulated by that law, and therefore that the decision in the case of Noonan v. Lee does not apply.† Of this opinion are Messrs. Justices Swayne, Eield, and myself. But a majority of the court are of opinion that the case is governed by the previous one. This part of the decree is therefore reversed, and the residue affirmed. ‡
Decree accordingly.

 2 Black, 499-601.

 American Insurance Co. v. Canter, 1 Peters, 546.

 By rule of court, adopted since tliis decision, execution may now issue. See ante, p. iii.