## STEVES *et al. v.* CARSON *et al.*

(*Circuit Court, D. Colorado.* July 1, 1890.)

**MINES AND MINING—PATENT—ADVERSE SUITS—LIMITATIONS.**

Rev. St. U. S. § 2326, provides that a suit upon an adverse claim to a mining location must be begun within 30 days after the claim is filed. Gen. St. Colo. 1883, p. 673, § 18, provides that, in case of failure of a suit from certain causes, the plaintiff may renew his suit at any time within one year. *Held,* that the fact that an adverse suit had failed for a reason within the purview of said state statute did not authorize the plaintiff to begin another suit after the expiration of such 30 days, since said United States statute could not be affected by state legislation.

At Law. On demurrer to complaint.

*Wilson & Stimson,* for plaintiffs.

*Porter Plumb,* for defendants.

Before CALDWELL and HALLETT, JJ.

HALLETT, J. March 6, 1889, defendants applied in the land-office at Glenwood Springs to enter the Blazing Star Lode claim in Pitkin county, to a portion of which plaintiffs made adverse claim May 10, 1889, under a location called the "Jay Gould Lode." This suit was brought in support of the adverse claim, April 29, 1890, nearly one year after filing the adverse claim in the land-office. The act of congress (Rev. St. § 2326) plainly requires the adverse claimant, "within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction to determine the question of the right of possession," and this suit was not brought within that time. Plaintiffs aver, by way of excuse for the delay, that a suit in all respects similar to this was brought by them, in due time, in the district court of Pitkin county, which was afterwards dismissed by the court "for a matter of form," in that no summons was issued within one month after filing the complaint; and plaintiffs rely on a section of the statute of limitations of the state (section 18, p. 673, Gen. St. 1883) which provides that, in case of the failure of a suit from insufficient service, unavoidable accident, and the like, plaintiffs may renew their suit "at any time within one year after the abatement or other determination of the original suit."

This proposal to ingraft a statute of the state upon an act of congress does not appear to be within any recognized principle of construction. It is true that state statutes of limitation are often enforced in federal courts, when, like other laws of the state, they enter into the contract, and become binding on the parties. But they have no application in a proceeding for disposing of public land, of which congress has exclusive jurisdiction. In respect to the manner of making locations, it is provided in the act of congress that it may be supplemented by local law, and the rules and customs of miners. But a proceeding in the land-office, and, upon a controversy in that office, suits in court to settle the title are to be begun and conducted as declared in the act of congress, which must be regarded as full and complete on that subject. There were obvious reasons for requiring that the application for title, when made in the

land-office, should be carried to a speedy determination. In the case of agricultural lands, controversies as to the ownership were settled in the land-office. But this practice was always unsatisfactory; and so, in the act now under consideration, it was provided that, in case of adverse claimants to the same tract of mineral land, the parties shall go into a court of competent jurisdiction, where, from the orderly course of established justice, better results may be expected. Promptness and diligence in such matters is of the greatest importance to all concerned; and therefore it was provided that the adverse claimant in the land-office must begin suit to settle the title within 30 days from the time of filing his adverse claim, and he must prosecute the suit with reasonable diligence. There is no exception as to the claimant who may be beyond seas, or under disability of any kind, or who may fail to act from inadvertence or other cause. The suit must be brought within the time specified, and it must be prosecuted with reasonable diligence. The act says: "And a failure so to do shall be a waiver of his adverse claim." This act admits of no addition or modification from the statute of the state; and where, as in this instance, the claimant commences suit in due time, and is cast in his suit, he is without remedy, except such as may be obtained in the same suit on appeal or writ of error. The demurrer will be sustained, and judgment of dismissal will be entered.

CALDWELL, J., concurs.