FULLER & FULLER COMPANY v. GEORGE P. JOHNSON.

(Filed Aug. 24, 1899.)

1. ACTIONS — *Limitations of — Revivor.* A statute of limitations which repeals a former statute on the same subject does not revive an action which has been barred by the former statute, if it is apparent from a reading of the latter statute that such was not the legislative intent.

2. COURTS—*United States Court, Indian Territory.* The United States court of the Indian Territory is not a "United States court," within the meaning of that term as used in section 2, p. 930, of the Statutes of Oklahoma of 1890.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before James R. Keaton, District Judge.*

*C. L. Botsford, C. W. Brewer* and *Harrison O. Shepherd,* for plaintiffs in error.

*Amos Green & Son,* for defendant in error.

### STATEMENT OF THE CASE.

This is an action begun in the district court of Cleveland county April 8, 1896, by the Fuller & Fuller company against the defendant, George P. Johnson, upon a judgment rendered in favor of the plaintiff and against the defendant in the United States court in and for the Indian Territory. Said judgment was rendered on June 2, 1890, upon which judgment plaintiff prayed judgment of the district court of Cleveland county, Oklahoma, for the sum of $834.85, with 6 per cent. interest thereon from its date to the time of the commencement of this suit, and costs. On May 6, 1896, defendant filed an answer as follows (omitting the title of the court and cause):

" Comes now the defendant, George P. Johnson, and, for answer to the petition filed in the above-entitled cause, says that the defendant has been a resident of the Territory of Oklahoma and county of Cleveland ever since the afternoon of April 22, 1889; that the judgment sued on in this case was obtained on the 2d day of June, 1890, in the United States court for the Indian Territory, sitting at Muscogee; that at the time of the rendition of the aforesaid judgment the statutory time within which judgment could be sued on was two years under the Statutes of the Territory of Oklahoma; that said cause of action set out in plaintiff's petition was barred long prior to the adoption of the Statutes of 1893. Wherefore the defendant asks that said suit be dismissed, and that he have judgment for costs.

"AMOS GREEN & SON,
"Attorneys for Defendant."

Afterwards said plaintiff duly filed its demurrer to said answer on the ground that the same does not state facts sufficient to constitute a valid defense to the petition and cause of action of said plaintiff.   Afterwards, at the October term, 1897, said demurrer to the answer of said defendants was duly argued, and was by the court overruled, to which ruling said plaintiff duly excepted, and plaintiff elected not to plead further in said cause; and the court on the 12th day of November, 1897, duly rendered judgment against said plaintiff, that it take nothing by said action, and for costs of suit, to which decision and judgment of the court the said plaintiff duly excepted, and said plaintiff brings the case here for review. Affirmed.

Opinion of the court by

Irwin, J.:   The first error assigned by the plaintiff in error, upon which a reversal of the case is asked, is that the statute of limitations invoked by the defendant in his answer does not apply to this case, for the reason that the statute of 1890 was superseded and repealed by the statute of 1893, which took effect on August 14, 1893, and this statute provided a new and different limitation, to-wit, two years on all demands not specified, and no mention is made specially of foreign judgments.   Plaintiff in error insists that all demands existing at and prior to the going into effect of the statute of 1893 would run under that statute, as if no statute of limitations against demands in this Territory had ever existed prior to that time, and even if more than two years had elapsed from the time the 1890 statute went into force and the time it was repealed, and that this judgment was fully barred by

the terms of the statute of 1890; that such statute could. not be invoked as a defense in this case, as a debtor cannot invoke the running of a repealed statute of limitations. as a defense to an action, as he has no vested right in such defense,—and cites authorities to sustain this position, among. which is the case of *Campbell v. Holt*, 115. U. S. 620-634, 6 Sup. Ct. 209.

As to whether a debt barred by a former statute is. revived by the repeal of that statute, where the repealing statute is silent on the question, is a matter upon which the authorities are not entirely in harmony, but we think. that no authority can be found—at least, we have been unable to find any—which goes to the extent of saying that such would be the case where the repealing act contained language which, fairly construed, indicated a different intention on the part of the legislature; and we think the language of the statute of limitations of 1893, (section 14, art. 3, p. 764, Statutes 1893,) " Every right of action which shall have been barred by any statute heretofore in force shall not be deemed to be rev-ved by the provisions of this act," clearly settled this point, and eliminates it from further consideration.

The only remaining assignment of error insisted upon by the plaintiff in error is that the judgment sued upon in this case is a judgment in the United States court, and. consequently is excepted from the operation of the statute of limitation of 1890. The first question to be determined is, is the United States court of the Indian Territory such a United States court as is meant in the provisions of the act in question? We think it fair to presume that the legislature of Oklahoma in the act of 1890, used the term " United States court " in the same sense that the

·said term is used in the constitution of the United States. At least, we see no reason for presuming that they intended to give it any other or different meaning. This being true, the first thing to determine is, how was the term understood and intended, and what is its true meaning, as used in the constitution? In determining this question, it is necessary to refer to how the matter has been treated by the courts when passing upon questions before them involving this term.

In the case of *Reynolds v. United States*, 98 U. S. 154, the court says: " By section 1910 of the Revised Statutes, the district courts of the territories have the same jurisdiction in all cases arising under the constitution and laws of the United States, as is vested in the circuit and district courts of the United States, but this does not make them circuit and district courts of the United States. We have often so decided." Then follow these citations: *Insurance Co. v. 356 Bales of Cotton*, 1 Pet. 511; *Benner v. Porter*, 9 How. 235; *Clinton v. Englebrecht*, 13 Wall. 434. The court, continuing, says: "They are courts of the territories, invested for some purpose with the powers of the courts of the United States."

In the case of *Clinton v. Englebrecht*, 13 Wall. 434, the court, speaking by Chief Justice Chase, said: "The judges of the supreme court of the territory are appointed by the president under the act of congress, but this does not make the courts they are authorized to hold courts of the United States."

In the case of *Benner v. Porter*, 9 How. 235, the court says: " There is no supreme court of the United States, nor is there any district court of the United States, in the sense of the constitution, in the territory of Utah.

The judges are not appointed for the same term, nor is the jurisdiction which they exercise a part of the judicial power conferred by the constitution or the general government. The courts are the legislative courts of the territory, created by virtue of the clause which authorizes congress to make all needful rules and regulations respecting the territories belonging to the United States."

In *Hornbuckle v. Toombs*, 18 Wall. 648, Justice Bradley uses this language: "The acts of congress respecting proceedings in the United States courts are concerned with and confined to those courts considered as part of the federal system, and as invested with the judicial power of the United States, expressly conferred by the constitution, and to be exercised in correlation with the presence and jurisdiction of the several state courts and governments. They are not intended as exertions of the plenary municipal authority which congress has over the District of Columbia and the territories of the United States. As before said, they have special application to the courts of the United States, which are courts of a peculiar character and jurisdiction."

In the case of *Good v. Martin*, 95 U. S. 90, Justice Clifford says: "Territorial courts are not courts of the United States, within the meaning of the constitution, as appears from all the authorities."

Hence, we take it that the supreme court of the United States have not construed the language of the constitution defining "United States courts" to include territorial courts, and we cannot presume that the legislature of Oklahoma intended to enlarge the definition of the term. If they had intended to include in the term " United

States courts" the territorial courts, they could easily have used language clearly manifesting this intention. Not having done so, we think it fair to presume that they intended to leave the term "United States court," and the definition thereof, where the supreme court of the United States had placed it by their decision; that is, that the term "United States court" only embraces such courts as are a part of the federal judiciary of the United States under article 3 of the constitution, within which, in our judgment, the so-called "United States court" of the Indian Territory does not fall. We take it that the term "United States court," as used by the constitution and by the territorial legislature of Oklahoma in the act of 1890, intended only such courts as are definitely and permanently established by congress as a part of the judicial system of the United States. Territorial courts, although created by United States authority, must, in the very nature of things, be somewhat transitory in their nature, being designed to meet the necessities of a territorial form of government, temporary in their character, to be in time superseded by such courts as it may be necessary to establish when the said territory becomes a state; hence they are not designed as a part of the judiciary of the United States, as intended by article 3 of the constitution, as constituting the federal judiciary system and courts of the United States; and the term, when used in statutes, must be held to be limited by and relate only to those courts embraced in that system; and we think the cases cited in the brief of plaintiff in error, when carefully examined and fairly construed, do not conflict with this interpretation, but rather tend to establish and affirm it.

We think the court below committed no error in over-ruling the demurrer to the answer of defendant and rendering judgment against the plaintiff. Hence we think the case should be affirmed.

All of the Justices concurring.