PEOPLE OF PUERTO RICO, Complainant, *v.* SOUTH P. R. SUGAR Co., ET ALS., Defendants.

No. 4. Argued January 14, 1939.—Decided January 24, 1939.

*James R. Beverley* and *R. Castro Fernández,* for South P. R. Sugar Co. (domestic corporation). *Ryder Patten,* for South P. R. Sugar Co. (New Jersey corporation). *Hartzell, Kelly & Hartzell,* for Russell & Company Sucesores. *B. Fernández García, Attorney General, Miguel Guerra-Mondragón, Rafael Rivera Zayas* and *Luis Venegas Cortés,* for complainant.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The Attorney General, having first obtained leave, filed in the name of The People of Puerto Rico an information in the nature of a quo warranto on November 7 last, and the above defendants were given until December 22, 1938, to answer.

On the 20th of last month and before the expiration of the term granted them, defendants appeared, without submitting to the jurisdiction of the court, for the sole purpose of praying that the proceedings be removed to the District Court of the United States for Puerto Rico. The motion for removal was accompanied by the bond required by law in such cases. Defendants base their petition on section 28 of the Judicial Code of the United States, which in its relevant part reads as follows:

"Any suit *of a civil nature*, at law or in equity, *arising under the Constitution or laws of the United States*, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction . . . , in any State court, may be removed by the defendant or defendants

therein to the district court of the Unied States for the proper district . . .''

The 10th of this month was set to hear the parties on the question of whether or not the removal of the case should be ordered and after orally arguing in support of their respective contentions, the parties were granted time to file briefs. The case was finally submitted upon the filing by the Attorney General of his brief on the 14th of this month.

For the removal of a case from a State or Insular court to a United States District Court the following requisites must exist:

(*a*) The suit must be of a civil nature at law or in equity;

(*b*) It must involve a federal question, that is, the interpretation of the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority;

(*c*) Original jurisdiction over said case must have been given to the United States District Courts; and

(*d*) The amount in controversy must exceed $3,000.

In the absence of any of these four requisites, the removal will not lie, and the State or Insular court, as the case may be, shall retain jurisdiction over the cause.

Defendants allege that in this case this court should limit itself to an examination of the petition for removal and the bond accompanying it, and that if neither of them is defective, the removal becomes mandatory without further consideration.

We can not agree with defendants.

''The right of removal depends upon the case disclosed by the pleadings when the petition for removal is filed. The elements of federal jurisdiction must be apparent on the face of the plaintiff's declaration or complaint; if they do not thus appear, the decision must be against the right of removal; nor may the jurisdictional facts be supplied by any statement in the petition for removal or in subsequent pleadings.'' Montgomery's Manual of Federal Jurisdic-

tion and Procedure, 3d ed., section 284 and cases cited; *Salem Trust Co.* v. *Manufacturers' Finance Co.*, 264 U. S. 182; *Gully* v. *First National Bank*, 299 U. S. 109.

It is logical that the right to removal should not depend exclusively on the applicant's will, as would be the case if the averments of the petition were the only ground for decreeing the same, since by the mere filing of a petition that met the legal requisites the removal would always be obtained whether removable or not. The nature of the suit is determined by the averments of the complaint filed in a State or Insular Court. Of course, if the petition is insufficient, or if the statutory bond is not filed, or if either of them fails to comply with the legal requisites, denial of the removal is proper, even though according to the averments of the complaint the cause be removable.

Let us first examine the nature of the complaint filed by The People of Puerto Rico in the light of section 28 of the Judicial Code of the United States and we shall then proceed to determine whether the four requisites above set forth are present.

This is a case, as we have seen, of an information in the nature of quo warranto, in which it is alleged that the defendants have violated section 3 of Joint Resolution No. 3 of the Congress of the United States, approved on May 1, 1900, and ratified by section 39 of the Organic Act now in force. In its relevant part said section 3 reads as follows:

" . . . ; and every corporation hereafter authorized to engage in agriculture shall by its charter be restricted to the ownership and control of not to exceed five hundred acres of land; and this provision shall be held to prevent any member of a corporation engaged in agriculture from being in anywise interested in any other corporation engaged in agriculture."

The complaint is also based on our law establishing quo warranto proceedings, as amended by Act No. 33 approved

July 22, 1935 (Laws of 1935, Special Session, p. 418), which in its relevant part reads as follows:

"Section 1.—There is hereby conferred upon the Supreme Court of Puerto Rico exclusive original jurisdiction to take cognizance of all quo warranto proceedings that the Government of Puerto Rico may hereafter institute for violations of the provisions of Section 752, Title 48, United States Code, and for that purpose it is provided that the violation of said provisions shall constitute sufficient cause to institute a proceeding in the nature of quo warranto."

It is likewise based on Act No. 47 of August 7, 1935 (Laws of 1935, Special Session, p. 530), which also amends the Quo Warranto Act, whose relevant sections read as follows:

"Section 2.—In case any person should usurp, or unlawfully hold or execute any public office or should unlawfully make use of any franchise, . . . . . or any association or number of persons shall act within Puerto Rico as a corporation, without being legally incorporated, or any corporation does or omits any act which amounts to a surrender or forfeiture of its rights and privileges as a corporation, or exercises rights not conferred by law, the Attorney General, or any prosecuting attorney of the respective district court, either on his own initiative or at the instance of another person, may file before any district court of Puerto Rico a petition for an information in the nature of Quo Warranto in the name of The People of Puerto Rico; or whenever any corporation, by itself or through any other subsidiary or affiliated entity or agent, exercises rights, performs acts, or makes contracts in violation of the express provisions of the Organic Act of Puerto Rico or of any of its statutes, the Attorney General or any district attorney, either on his own initiative or at the instance of another person, may file before the Supreme Court of Puerto Rico a petition for an information in the nature of Quo Warranto in the name of The People of Puerto Rico; . . . .

"When any corporation by itself or through any other subsidiary or affiliated entity or agent is unlawfully holding, under any title, real estate in Puerto Rico, The People of Puerto Rico may, at its option, through the same proceedings, institute in its behalf the confiscation of such property, or the alienation thereof at public auction, within a term of not more than six months counting from the date on which final sentence is rendered.

"In every case, alienation or confiscation shall be through the corresponding indemnity as established in the law of eminent domain.

"  *      *      *      *      *      *      *      *      *

"Section 6.—In case any person or corporation against whom any such petition is filed, is adjudged guilty, the court may give judgment of ouster against such person or corporation from the office or franchise to which the petition refers, and fine such person or corporation for usurping, intruding in, or unlawfully holding and executing such office or franchise, and also give judgment in favor of the defendant for the costs of the prosecutions; . . . .

"Whenever, in the opinion of the court, it is satisfactorily established that the corporation or corporations have performed acts or exercised rights not conferred by law, or in violation of the express provisions thereof, the judgment entered shall, in case the defendant is a domestic corporation, decree the dissolution thereof and the prohibition to continue doing business in the country; and in the case of a foreign corporation, the nullity of all acts done and contracts made by the defendant corporation or entity; and in addition, said judgment shall decree the cancellation of every entry or registration made by the said corporations in the public registries of Puerto Rico; and when the decree of nullity affects real property and The People of Puerto Rico has chosen to confiscate it or orders it to be sold at public auction, the final judgment shall fix the reasonable price to be paid for said property. For these purposes, the just value of the property subject to alienation or confiscation shall be fixed in the same manner as it is fixed in cases of condemnation proceedings.

"The violation of an order prohibiting the doing of business after final judgment is rendered shall be punished by a maximum fine of five hundred (500) dollars for each day such entity may continue in operation, enforceable on the property of the entity, and the persons representing it shall be guilty of contempt of court, punishable by imprisonment for a minimum term of from one to six months in jail.

"Whenever judgment is rendered in favor of any defendant, such defendant may recover costs from the plaintiff, including a reasonable attorney's fee.

"For the purpose of fixing the value of the property, The People of Puerto Rico, through its agents or representatives, is authorized to enter the properties the object of the controversy, whatever their nature or condition may be."

From the complaint it appears that at the time the three defendants became legal entities and started business in Puerto Rico, Joint Resolution No. 23 of May 1, 1900, approved by the United States Congress the sections of which, applicable to this case we have already noted, was already in force in this Island, so that their right to do business here was conditioned from the start upon their compliance with the aforementioned legal provisions. It is also alleged that the three defendant entities are the result of a plan or combination to get around the legal limitation upon the holding of land in excess of five hundred acres, possessing, as is alleged, lands greatly in excess of the amount permitted by law.

The complaint ends with the following prayer:

"Therefore, The People of Puerto Rico through its Attorney General prays: (1) that in regard to defendant South Porto Rico Sugar Company (Puerto Rico), judgment be rendered decreeing the forfeiture of its franchise, ordering its immediate dissolution, enjoining it to carry on any further business in Puerto Rico, and imposing the corresponding fine; (2) in regard to the codefendant South Porto Rico Sugar Company (New Jersey), that judgment be rendered ordering it to cease and desist from doing business in the Island of Puerto Rico; (3) in regard to Successors of Rusell & Co., that judgment be given holding that the object for which it was constituted was and is ilegal, that it is non-existent, in contemplation of law and ordering its immediate dissolution; and (4) finally, in regard to all defendants, any further pronouncement that the court may deem fit according to law and equity."

From the summary we have made of the complaint, it may easily be seen that this is an information in the nature of quo warranto, which is a civil action, and there is no controversy between the parties as regards this fact.

Does the second requirement contained in section 28 in order that the removal may lie, exist? This is precisely the gist of the question. The complainant emphatically denies it and devotes part of its brilliant brief to support this view. Defendants assume its existence and do

not go deeply into the matter. The point to be determined is whether Joint Resolution No. 23 of May 1, 1900, and our Organic Act of 1917, even though they are laws enacted by the Congress of the United States, can be considered, because of their local nature, as laws of the United States for the purpose of removal to the Federal Court; or, if, on the contrary, owing to their purely local nature and character, they should be considered for such purposes as Puerto Rican statutes which do not give grounds for removal.

The question is not new in this jurisdiction. This court, in a similar case (*People* v. *The Fajardo Sugar Co. of P. R.*, 50 P.R.R._____), in an opinion of Mr. Chief Justice del Toro, expressed its views on this point as follows:

"The Organic Act as a whole shows that Congress was establishing a territorial form of government, endowed with the same control over the corporations created by it or doing business within its limits as might be possessed by a state or any other territory. Consequently, since the franchises are granted by Puerto Rico and its Government has control over the corporations existing within its limits, the inference is unavoidable that a violation of the franchise or the holding of land in excess of five hundred acres is a local question. It is inconceivable that violations of a corporate charter or of the Organic Act should be excluded from the control of Puerto Rico. It might be equally possible to say that a violation of the so-called 'bill or rights' is a matter of exclusive federal jurisdiction, and similarly in regard to any other provision of our Organic Act."

Enlarging upon the views of Mr. Chief Justice Del Toro, we might add that if we adopted the view of defendants, we would be led to the absurdity of holding that every time it is alleged in any case before our courts that a local law violates the constitutional clause in regard to "due process of law" or "equal protection of laws," or any other of the constitutional limitations to be found in section 2 of our Organic Act, a federal question arises and if the amount in controversy exceeds $3,000, the defendant is entitled to a removal to the District Court of the United States for Puerto Rico.

Undoubtedly, Congress could not have had in mind such an absurd situation.

This court is not the only one to hold the above viewpoint. In the Territory of Alaska, where the issue was raised as to the nature of the code of said Territory, generally known as the Alaska Code, approved, of course, by the Congress of the United States, the following was said:

"In passing the Act of June 6, 1900 (31 Stat. 321, c. 786), commonly called the 'Alaska Code', Congress exercised its power as a state government, and that Code, which is practically identical with that in Oregon and other code states, is to be considered and construed as if enacted by the Legislature of a state." Allen v. Myers, 1 Alaska 114, 118.

In this respect, the Supreme Court of the United States has said:

" . . . The jurisdiction with which they are invested, is not a part of that judicial power which is defined in the 3d article of the constitution, but is conferred by congress, in the execution of those general powers which that body possesses over the territories of the United States . . . In legislating for them, Congress exercises the combined powers of the general, and of a state government." American Ins. Co. v. Canter, 26 U. S. 511, 546, 7 L. ed. 242, 256; Benner v. Porter, 50 U. S. 235, 13 L. ed. 119.

From the foregoing, we hold that the statute herein involved, though approved by the United States Congress, is one of a local nature, and, for the purpose of the removal sought, as if it had been enacted by the Legislature of Puerto Rico.

It being the duty of the state courts, and by analogy of our insular courts, when considering a motion for removal, to determine by itself whether or not the case is removable (People v. Rivera Zayas, J., 29 P.R.R. 423; Miles v. Layton, 112 A.L.R. 786, 790 (193 A. 567); Madisonville Traction Co. v. Saint Bernard Min. Co., (196 U. S. 239) 49 L. ed. 462; Southern Pacific Co. v. Waite et al., 279 F. 171), and holding, as we do, that the second requirement of section 28 of

the Judicial Code to warrant a removal to a federal court does not appear, that is, the determination of a federal question, we think that the petition of defendants should be denied and that we should retain the jurisdiction assumed by us in this case.