AMERICAN SAMOA GOVERNMENT, Petitioner,
v.
SUAFALA SIMOA aka SUAFALA WILLIAMS, Respondant.

High Court of American Samoa
Trial Division

CR No. 34-81

May 13, 1983

MURPHY, Associate Justice.

Petitioner was informed against at a preliminary hearing and was thereafter convicted of murder in a jury trial. He seeks release by writ of habeas corpus on the ground that he is entitled to indictment by a grand jury. On appeal, the case was remanded to determine whether indictment by grand jury would be anomolous to the culture and conditions prevailing in

American Samoa. The Court finds that grand jury proceedings would not be anomolous and will thereof consider the merits of the petition.

The Constitution bars prosecution by the United States for a capital or infamous crime except upon indictment by a grand jury (Amend. V). The states are not bound by that provision, and may subject an accused to prosecution in any manner consistant with due process and fundamental fairness. Petitioner asserts that because American Samoa is an unincorporated United States territory, rather than a state, he could not be prosecuted except upon indictment and that therefore his conviction upon charges brought by information must be reversed. Petitioner does not claim that his preliminary hearing was unfair or that it denied him due process of law.

United States sovereignty over its territories vests Congress with the powers of both a local and a national government and it can do for a territory whatever a state can do for itself or one of its political subdivisions. Cincinatti Soap Co. v. U.S., 301 U.S. 208 (1937); American Insurance Co. v. 356 Bales of Cotton, 26 U.S. 511 (1828). Governance of a territory rests primarily with Congress and secondarily with such agencies as Congress may establish for that purpose. Snow v. U.S., 85 U.S. 317 (1873). The power which Congress may thus delegate, subject to subsequent revision or revocation, includes all matters which could be regulated by the laws of a state. District of Columbia v. John R. Thompson Co., 346 U.S. 100 (1953). Congress nevertheless retains all legal authority over the people of this territory and all departments of its government, and may legislate directly for the territory, abrogate its laws, void a valid act, or validate a void act. Inter-Island Steam Nav.Co., v. Territory of Hawaii, 305 U.S. 306 (1938); First Nat. Bank v. Yankton County, 101 U.S. 129 (1879).

Through delegation of its authority, Congress has entrusted the governance of American Samoa with the Department of the Interior. The Department of the Interior has approved the adoption of a constitution, the formation of a local government, and the promulgation of laws for American Samoa. This approval could be rescinded at any time. The Govrnment of American Samoa, its policies and departments, in other words, exist solely because Congress or the Department of the Interior has not yet said that they do not exist. ASCA 46.1220 is among the laws which have, by silence, been endorsed by Congress and the Department of the Interior. It provides for preliminary determinations of probable cause by information in all felony prosecutions. The procedure is fair and consistant with due process guarantees. It regulates prosecutions for violations of the American Samoa Code Annotated only and has no impact beyond the territory. It is clear that Congress or any authorized agent thereof may enact any provision in regard to a territory that could otherwise have been enacted by a state.

ASCA 46.1220, providing for prosecution by information, is not unconstitutional as applied in American Samoa. The petition is dismissed.