THE NEW IDEA.

MARK v. THE NEW IDEA et al.

(District Court, S. D. Mississippi, W. D.    February 5, 1892.)

MARITIME LIENS—WAGES—ASSIGNMENT.

A claim for maritime wages is assignable, and the lien also passes by the assignment, so that the assignee is entitled to enforce such lien in his own name.

In Admiralty. Intervention of Harvey Rockwood in suit by Robert Mark against the steamboat New Idea and barges. Decree for intervener.

A. M. Lea, for intervener.
M. F. Smith, for claimant.

NILES, District Judge. In the matter of the proceeds of the steamboat New Idea and barges, heard on the intervention of Harvey Rockwood, who sues as the assignee of certain claims for maritime wages, I hold that these claims are assignable. I do not think the assignment divests the lien. In Cobb v. Howard, 3 Blatchf. 525, Judge Nelson says, "It is every day's practice, in the admiralty, to allow suit to be brought in the name of an assignee of a chose in action." In The Hull of a New Ship, 2 Ware, 203, Fed. Cas. No. 6,859, Judge Ware examined the point on principle and authority, and held that the debt due a material man could be assigned, and that the hypothecation went with it. The general rule of equity

is clear, that what a man has he may assign, excepting for wrongs of a personal nature, such as slander and assault. The convincing reason is that given by Judge Ware in the case cited, that "the debtor cannot be injured by the assignment, while the creditor would lose part of the benefit of his security if he cannot assign." In this state (Mississippi) it is settled law that the lien of a mechanic, material man, or laborer may be assigned. In the case of Kerr v. Moore, 54 Miss. 288, the court say:

"The decided weight of authority and reasoning, according to our view, is in favor of the assignability of the lien of the mechanic, and the right of the assignee to assert his claim and enforce the lien in the same manner and to the same extent that the mechanic could. We hold that the lien of a laborer for wages is assignable, and that the assignee can enforce it, just as the laborer could. This view better accords with the general policy of our law, and the spirit and purpose of the act which gives the laborer a lien, than the contrary view."

In the last edition of Jones, Liens, § 1788, the law is thus stated:

"The assignment of a debt secured by a maritime lien carries with it the lien security, where the parties so intended, and if the assignment be absolute the assignee should proceed in the admiralty in his own name;" citing numerous cases.

Judge Blodgett, in the case of The American Eagle, 19 Fed. 879, says:

"There is no doubt some seeming authority in support of the exception, but I think the more reliable and better-considered cases are in favor of supporting the lien in behalf of the assignee, or giving him all the security which the original creditor had."

The debtor cannot, certainly, be injured by an assignment. The creditor might lose, if he cannot assign. As far as I have been able to ascertain, I think it has been accepted doctrine in this district that maritime lien claims were assignable. Let a decree be entered in accord with the views herein expressed.