## BRUCE et ux. v. MURRAY.

(Circuit Court of Appeals, Ninth Circuit. May 4, 1903.)

### No. 857.

1. UNITING CAUSES OF ACTION—DISTRICT COURT OF ALASKA.

　　Act Cong. June 6, 1900, c. 786, 31 Stat. 321, relative to the government of Alaska, in title 1, § 4, 31 Stat. 322, provides there shall be a court of general jurisdiction in civil, criminal, equity, and admiralty cases. Title 2, § 699, 31 Stat. 443, provides that the district court is a court of general jurisdiction, civil and criminal, and also that it shall have admiralty jurisdiction. Title 2, § 1, 31 Stat. 333, provides that the distinction between actions at law and suits in equity, and the forms of all such actions and suits, is abolished, and there shall be but one form of action for the enforcement of private rights and the redress and prevention of private wrongs, which is denominated a "civil action." Title 2, § 84, 31 Stat. 345, provides that plaintiff may unite several causes of action, where they all arise out of certain causes of action, classified under seven heads. Title 2, § 369, 31 Stat. 394, provides that plaintiff in an action of an equitable nature may unite several causes of action, when they all arise out of certain causes of action classified under six heads, and both of said sections provide that the causes of action so united must all belong to one of these classes. *Held*, that a cause of action at law cannot be united with a cause of action in equity, or either with one in admiralty, so that it is improper to unite a cause of action for foreclosure of a mortgage on a vessel with one to enforce liens for wages of seamen against the vessel.

2. ADMIRALTY—SEIZURE OF RES.

　　The admiralty court has no jurisdiction to enforce liens for wages against a vessel, unless there is an actual seizure and control of it by the marshal.

3. MARITIME LIENS—WAGES OF MASTER.

　　The master of a vessel has no lien for wages.

Appeal from the District Court of the United States for the Second Division of the District of Alaska.

This action was brought by Mary E. Murray, on July 22, 1901, in the District Court of Alaska, Second Division, against Miner Bruce and Julia M. Bruce, to foreclose a chattel mortgage given by the defendants upon the river steamer Fortune Hunter as security for the joint and several promissory notes of the defendants in the sum of $750, executed January 5, 1901, and payable July 1, 1901. Upon this complaint a summons was issued, directed to Miner Bruce and Julia M. Bruce, his wife, requiring them to appear in the United States District Court, District of Alaska, Second Division, at Nome, within 30 days after service of summons, exclusive of the day of service, and defend the action; and it was stated in the summons that in case of failure to do so judgment would be rendered against them according to the demand of the complaint. It appears from the return of the United States marshal that this summons was served upon the defendants personally on the 22d day of July, 1901. It appears from the copy of the mortgage attached to the complaint that at the time of its execution the steamer was in and upon the waters of Fish river, Alaska, and among other conditions contained in the mortgage it was provided that the mortgagors should have the possession of the steamer and the use of the same upon the waters of Fish river and its tributaries and Golofnin Bay, and that they should not remove the same from or out of the waters of Fish river, or allow the same to be in or upon the waters of Bering Sea, until the debt should be fully paid and canceled.

On August 1, 1901, after the service of summons upon the defendants, but before they had answered the plaintiff's complaint, the latter filed an amended complaint, alleging that contrary to the covenants of the mortgage, and neglectful of their duty in that regard, the defendants had subjected the mortgaged property to great danger in taking it out of the waters of Fish river, and bringing it into the waters of Bering Sea, to the mouth of Snake river, at the city of Nome, Alaska, where the plaintiff found the vessel in charge of John W. Morgan as captain, Joseph Hendrich as engineer, and W. G. Woodworth as fireman, each of whom claimed to have a claim and lien for wages against the mortgaged property, said claims and each of them accruing subsequent to the making and recording of the plaintiff's mortgage, and while the mortgaged property was in the possession of the same and operated by said Miner Bruce during the open season of navigation on said Fish river, and up to the 30th day of July, 1901, which labor and work, it was alleged, had been done by the said several parties on the said boat in running and operating the same, and was all done and performed at the instance and request of the said Miner Bruce. It was alleged that the amount due John Morgan as captain was the sum of $438.18, the amount due Joseph Hendrich as engineer was the sum of $569.15, and the amount due W. G. Woodworth as fireman was the sum of $201.75, and that all of these claims had been assigned to the plaintiff by the several claimants. The amended complaint further alleged that the mortgaged property furnished scant security for the plaintiff's mortgage and the labor claims upon it, and that if the earning capacity of the boat was not employed during the then present open season, in order to reduce the indebtedness, the plaintiff would be in great danger of losing her claim, and would be wholly remediless to collect the same by reason of the insolvency of the defendants. Wherefore plaintiff demanded that an account be taken of the plaintiff's claims against the defendants and the property, and that plaintiff have judgment therefor, and that the mortgage be foreclosed, and after the sale of the vessel the defendants' equity of redemption be forever barred and foreclosed, and that an order be granted requiring the defendants to turn over the property to the plaintiff upon the giving of a bond in the sum of $3,500.

On October 3, 1901, plaintiff filed a second amended complaint, setting up four separate causes of action—the first being the foreclosure of the mortgage lien; the second alleging the employment of Morgan by the defendants as captain, and stating that an accounting had been had between the defendant Miner Bruce and said Morgan, and the amount found due for wages;

the third alleging the employment by the defendants of Woodworth in the capacity of fireman, and stating that an accounting had been had between Miner Bruce and the said Woodworth, and the amount found due for wages; the fourth alleging the employment by the defendants of Hendrich as engineer, and the amount found due him. In each of the three causes of action for claims for wages, it was alleged that the account had been assigned to the plaintiff.

On November 18, 1901, the plaintiff filed a third amended complaint, in which the matters set forth in the second amended complaint were again charged in four separate causes of action, but alleging that the party whose wages were the subject of each cause of action had been employed by the defendant Miner Bruce, acting as the owner of the vessel. There was also an averment in each cause of action that the claim had been assigned to plaintiff, and had not been paid. No monition, order of attachment or seizure, or other notice, appears to have been issued by the court upon any of the amended complaints, or upon the new causes of action therein contained.

The defendants demurred to the third amended complaint on the ground of improper joinder of causes of action, and alleged that there was a defect of parties defendant, that there was no jurisdiction in the trial court, the contract sued on being maritime, and cognizable only in admiralty, and demurred upon the general ground of insufficiency of cause of action. The court overruled this demurrer, and, upon the defendants refusing to plead further, entered a default judgment in favor of the plaintiff. The decree entered upon this default found that there was due upon said note and mortgage the sum of $750, together with interest at the rate of 8 per cent. per annum from the 1st day of July, 1901, and that the defendants Miner Bruce and Julia M. Bruce were liable to the plaintiff therefor, and that the plaintiff was entitled to have the mortgage foreclosed and the mortgaged property sold to pay the same, as prayed for in the complaint. The decree also found the amount due Morgan as captain, Hendrich as engineer, and Woodworth as fireman, as alleged in the third amended complaint; that said several claims against Miner Bruce had been assigned to plaintiff, who was the owner thereof and subrogated to the rights of the claimants; that there was then due from the said Miner Bruce to the plaintiff, on account of said several assignments, the sum of $1,209.08, together with interest at the rate of 8 per cent. per annum from the 30th day of July, 1901; and that the said Miner Bruce was liable therefor, together with the amount due upon the said note and mortgage, and also the said mortgaged property. Wherefore it was ordered and decreed that the plaintiff have and recover from the defendant Julia M. Bruce the sum of $750, together with interest at the rate of 8 per cent. per annum from the 1st day of July, 1901; that the plaintiff have and recover from the defendant Miner Bruce the said sum of $750, together with interest thereon at the rate of 8 per cent. per annum from the 1st day of July, 1901, and the further sum from the said Miner Bruce of $1,209.08, together with interest thereon at the rate of 8 per cent. per annum from the 30th day of July, 1901; that the said mortgage of the plaintiff be foreclosed, and the said mortgaged property be sold to satisfy the same, and the whole amount of said claims, and that an execution issue therefor against the steamer Fortune Hunter, her engines, furniture, and apparel, and that the said steamer, her engines, furniture, and apparel, be sold at public auction by the marshal, upon due and public notice of the time and place of sale, for cash, to the highest and best bidder; that plaintiff have the right to purchase at said sale; and that the moneys arising therefrom be brought into court, to be applied first to the payment of the costs in said cause, and the balance thereof, or so much as might be necessary, to pay the said plaintiff's claims.

A. Rawson, for appellants.
Francis McNulty, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

It is assigned as error that several causes of action were improperly united, that there was a defect of parties defendant in said third amended complaint, and that the court erred in entering a decree and judgment against the defendant Miner Bruce in the second, third, and fourth causes of action, and directing the marshal to sell the steamer Fortune Hunter for the payment of said judgment.

The act of Congress entitled "An act making further provision for a civil government for Alaska, and for other purposes" (Act June 6, 1901, c. 786, 31 Stat. 321), provides in section 4, tit. 1, 31 Stat. 322, that "there shall be a court of general jurisdiction in civil, criminal, equity, and admiralty cases." In section 699, tit. 2, 31 Stat. 443, it is provided that the District Court is a court of general jurisdiction, civil and criminal, and also that it shall have admiralty jurisdiction. In section 1, tit. 2, 31 Stat. 333, it is provided that "the distinction between actions at law and suits in equity, and the forms of all such actions and suits, is abolished, and there shall be but one form of action for the enforcement and protection of private rights, and the redress and prevention of private wrongs, which is denominated a civil action." The uniting of proceedings for the foreclosure of a mortgage with causes of action to enforce liens for wages against the vessel appears to have been based upon the theory that all these causes of action arose out of contracts, and the remedy for defaults in the performance of such contracts were proceedings in rem against the vessel, enforceable in one form of civil action in the District Court; that court having jurisdiction under the statute in civil, equity, and admiralty cases.

But this statute does not mean that actions arising in these several branches of general jurisdiction may be joined in one complaint. This is clearly indicated by other provisions of this same statute. In section 84 of title 2, 31 Stat. 345, under the chapter title, "Of the General Rules of Pleading," it is provided that "the plaintiff may unite several causes of action in the same complaint when they all arise out of" certain causes of action classified under seven different heads; "but the causes of action so united must all belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated." In section 369 of the same title, 31 Stat. 394, under the chapter heading, "General Provisions Relating to Actions of an Equitable Nature," it is provided that "the plaintiff in an action of an equitable nature may unite several causes of action in the same complaint, where they all arise out of" certain causes of action classified under six different heads; "but the causes of action so united must all belong to one of these classes, and must affect all the parties to the action and not require different places of trial, and shall be separately stated."

Under these two sections a cause of action of an equitable nature cannot be united with an action at law, and, where separate causes of action belong to different classes of either jurisdiction, they cannot be united in one complaint. The admiralty jurisdiction of the court is also a separate and distinct general jurisdiction, in which the practice

and proceedings under section 917 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 684] are regulated by rules prescribed by the Supreme Court of the United States. This jurisdiction of the District Court of Alaska in admiralty is the same as that vested in the federal district courts. In re Cooper, 143 U. S. 471, 12 Sup. Ct. 453, 36 L. Ed. 232. See, also, American Ins. Co. v. Canter, 1 Pet. 511, 7 L. Ed. 242, and City of Panama, 101 U. S. 453, 461, 25 L. Ed. 1061. Each of these separate jurisdictions has its own system of legal principles, and its own practice or course of procedure, so that a suit at law, a suit in equity, and a suit in admiralty can hardly be said to resemble each other. Benedict's Admiralty (3d Ed.) § 201. And, while the same substantial claim may be a matter of controversy in either jurisdiction, it is equally true that a cause of admiralty and maritime jurisdiction cannot be united with an action at law, or with a cause of an equitable nature, and be prosecuted under the rules of practice and mode of procedure provided for in either of those jurisdictions.

This distinction is illustrated in this case. The original suit, as has been stated, was an action to foreclose a mortgage lien upon a vessel. The action was commenced by filing the complaint with the clerk of the court and the issue of summons thereon, as provided in sections 14 and 42 of the Alaska Code (31 Stat. 335, 338). This summons was addressed to Miner Bruce and Julia M. Bruce, his wife, defendants named in the complaint. This summons required the defendants to appear within 30 days after the service of summons, exclusive of the day of service, and defend the action. But before this time had expired the plaintiff filed an amended complaint, in which it was alleged that the plaintiff, by her agents and attorneys, had gone on board the vessel to ascertain the condition of the mortgaged property, and found the same in charge of John W. Morgan as captain, Joseph Hendrich as engineer, and W. G. Woodworth as fireman, each of whom claimed to have a claim and lien for wages against the property. In other words, these parties asserted a maritime lien for wages due for services rendered on board the vessel. These claims, it is alleged, were assigned to plaintiff, and a judgment is asked for the amount found due on these claims, together with the amount found due upon the mortgage. The proceeding against the vessel for the purpose of enforcing these two classes of liens was the summons to the defendants in the foreclosure suit. This was an impossible procedure with respect to the assigned claims for wages. To give the court jurisdiction of the causes arising in the admiralty and maritime jurisdiction, it was necessary that the proceedings should have been taken in accordance with the rules of practice in that jurisdiction. The plaintiff, or libelant, as he is called, should have filed a libel containing a statement of the case upon which the libelant claimed the right to recover, closing with a prayer for the proper relief and for the process by which the adverse party or thing was to be brought before the court. This was not done, and no process was issued upon the causes of action arising upon the assigned claims. The vessel was not brought before the court by monition, order of attachment, or seizure, or other notice, and the vessel was therefore not subject to the jurisdiction of the court with re-

spect to such causes of action. To give jurisdiction in rem the subject proceeded against must be within the jurisdiction of the court, and there must be an actual seizure and control of the res by the marshal; otherwise, the admiralty court has no jurisdiction. Henry's Admiralty Jurisdiction and Procedure, § 132. Furthermore, it has been held that an assignment by a seaman of his wages confers upon his assignee no right to maintain a suit in rem against the vessel for the recovery of the wages assigned. Patchin v. The A. D. Patchin, 12 Law Rep. 21, 18 Fed. Cas. 1290 (No. 10,794); Logan v. The Æolian, 1 Bond, 267, 15 Fed. Cas. 786 (No. 8,465).

In The Resolute, 69 Fed. 742, the District Court of Oregon held that a lien for seamen's wages will be enforced in the hands of an assignee thereof when there is no reason to question the fairness of the assignment, following the opinion of the District Court of Mississippi in The New Idea, 60 Fed. 294. The case of The Resolute was appealed to the Supreme Court of the United States (168 U. S. 437, 18 Sup. Ct. 112, 42 L. Ed. 533), and decided wholly upon a jurisdictional question; the court saying, however:

"In the case under consideration a portion of the libelant's claim arises by assignment from Tellefson, and the authorities are almost equally divided upon the question whether such assignment carries the lien of the assignor to his assignee."

No decision upon this point was made, it not being a jurisdictional question. But one point has been fully determined, and that is that the master of the vessel has no lien for wages. The Orleans v. Phœbus, 11 Pet. 175, 184, 9 L. Ed. 677; Norton v. Switzer, 93 U. S. 355, 365, 23 L. Ed. 903; The Nebraska, 75 Fed. 599, 21 C. C. A. 448; The assigned claim of John Morgan for $438.18 was for his services as the master of the vessel. As the plaintiff had no lien upon the vessel for this claim, the judgment was for this reason erroneous.

It results from these principles, governing the practice and procedure in the District Court of Alaska, that several causes of action were improperly united, and that the court erred in entering a decree and judgment against the defendant Miner Bruce in the second, third, and fourth causes of action, and directing the marshal to sell the steamer for the payment of said judgment.

Judgment reversed, with instructions to the court below to sustain the demurrer to the third amended complaint.